# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ardell Levert Jenkins, | Case No. 20-cv-788 (SRN/TNL) |
| Plaintiffs, | |
| v. | **REPORT**<br>**AND RECOMMENDATION** |
| Mark Zuckerber, Whitter, Candice (NLN),<br>Officer Siholt, Officer J. Sommers, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff Ardell Levert Jenkins's application for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 2).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). This requirement applies to all persons applying to proceed IFP. *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief

1

that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Even construing Jenkins's complaint liberally, the Court cannot conclude that it alleges a plausible claim for relief. To begin, much of it is illegible. And regarding the portions that the Court can read, Jenkins appears to make numerous assertions about medical care, a hotel, stolen proceeds of a Facebook fundraiser, and stalking.[1] The Court is unable to identify the legal theory under which Jenkins brings his claims. This Court may not review the facts alleged and attempt to craft a theory of relief for him. *Machen v. Iverson*, No. 11-cv-1557, 2012 WL 566977, at *15 (D. Minn, Jan. 23, 2012) (noting that, even with the deference granted to pro se parties, a court may not adopt the role of advocate for the pro se litigant), *report and recommendation adopted by* 2012 WL 567128 (D. Minn. Feb. 21, 2012). It is Jenkins's burden to plead his claims in a manner that permits Defendants to respond to them and this Court to resolve them. *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). In this case, Jenkins's complaint contains nothing more than a series of vague accusations that are

---

[1] For example, Jenkins specifically wrote, "[A]t the extended Stay of America on a day 3 day and 3 weeks ago the manager their Candice, who allow the cups to smell for breakfast the smell could change your life, she harass me as a cop in Arizona and lifed on or about 3 weeks and 3 day ago yell at me about smoking and blow touch a sage in my face at my door yelling me that I curse at her as walking away." [sic] (ECF No. 1, p. 4).

barely comprehensible. His complaint therefore fails to state a claim as required by Federal Rule of Civil Procedure 12(b)(6). The Court therefore recommends that the complaint be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

Based on the filings herein, **IT IS RECOMMENDED THAT:**

1.     The case be hereby **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2.     The application to proceed *in forma pauperis* [ECF No. 2] be **DENIED** as moot.

Date: April 1, 2020                                      *s/ Tony N. Leung*
                                                        Tony N. Leung
                                                        United States Magistrate Judge
                                                        District of Minnesota

                                                        *Jenkins v. Zuckerber, et al.*
                                                        Case No. 20-cv-788 (SRN/TNL)

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).